# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DON HIGH | § |
| | § |
| v. | § Civil Action No. 4:18-CV-364 |
| | § |
| CITY OF WYLIE, TEXAS et al. | § Judge Mazzant |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Wylie Defendants' Brief in Support of its Motion for Summary Judgment (Dkt. #65). Having considered the motion and the relevant pleadings, the Court finds that motion should be granted in part and denied in part.

## BACKGROUND

This case arises out of Plaintiff Don High's actions as a prosecutor for the Municipal Court with Defendant the City of Wylie ("the City"). Richard Abernathy, City Attorney, hired Plaintiff on April 10, 1995, to act as a prosecutor for the City in its Municipal Court on April 27, 1995 ("the Hire Letter"). The Hire Letter did not specify the amount of time Plaintiff would work for the City but included an attachment with the pre-trial and trial dates for 1995. Plaintiff remained working as a prosecutor for the City, while also working in private practice, for the next twenty-three years. Plaintiff is Caucasian and over the age of forty.

On April 10, 2007, the City Council passed its first resolution in relation to Plaintiff's employment, Resolution 2007-15(R), appointing Plaintiff as a prosecutor for the City's Municipal Court for a time frame of two years. For the next ten years, the City Council passed a new resolution every two years, extending Plaintiff's position for an additional two years. Based on the resolution, it was unclear who acted as Plaintiff's supervisor. However, Plaintiff alleges

that Defendant Lisa Davis, the Court Administrator, acted as his supervisor alleging that "her conduct demonstrated that she was supervising [Plaintiff's] work conduct and performance." (Dkt. #32 at p. 21).

Plaintiff claims that Davis began treating Plaintiff in a disparate manner in February 2017, that this conduct was brought to the attention of Linda Bantz, the City's Finance Director, and Defendant Mindy Manson, the City Manager, and they did nothing about it or even encouraged the behavior. According to Plaintiff, Davis successfully reduced Plaintiff's hours and removed him from all jury trial dockets, even though it was made known that Plaintiff wanted to work more hours to take advantage of a retirement plan. Specifically, Plaintiff claims "Davis almost single handedly changed the terms and conditions of High's employment with the City." (Dkt. #32 at p. 13). Further, on March 14, 2017, Davis proposed a resolution to the City Council which would only extend Plaintiff's position for one year, as opposed to two years as had been typical up until this point. The City Council voted the resolution, Resolution 2017-07(R), through and extended his position for one year. During this time, while Davis reduced Plaintiff's hours, Victor Cristales, a younger Hispanic male, was given more prosecution hours.

On September 1, 2017, Davis drafted a performance improvement plan ("PIP"), with the help City Attorney Abernathy. It was intended to be presented to him by the City Attorney and City Manager Manson. It allegedly indicated that Plaintiff was going to be closely monitored by the City Manager, the Human Resources Director, and the City Attorney. However, the PIP was never presented to Plaintiff and he never signed it.

Plaintiff filed three complaints with the City's human resources department, with the last complaint being filed on March 13, 2018. On March 27, 2018, the City Council held its regular

meeting. At that meeting, the City Council voted to revoke Resolution 2017-07(R), but Plaintiff remained as a prosecutor for the City, but on an at-will basis as opposed to with a resolution.

Based on this set of facts and relevant to this motion, Plaintiff sued the City, Davis, and City Manager Manson (collectively "the Wylie Defendants") for violations of Age Discrimination in Employment Act 29 U.S.C. §§ 12201 et seq. ("ADEA"), Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) ("Title VII"), First Amendment Retaliation, and creating a hostile work environment.

On April 16, 2019, the Wylie Defendants filed their motion for summary judgment (Dkt. #63). On April 17, 2019, the motion was marked deficient. The Wylie Defendants filed their corrected motion on April 22, 2019 (Dkt. #65). Plaintiff filed a response on May 6, 2019 (Dkt. #67). Then on May 9, 2019, Plaintiff filed objections to the motion (Dkt. #68). On May 13, 2019, the Wylie Defendants filed their reply and responses to the objections (Dkt. #69).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

ANALYSIS

The Wylie Defendants move for summary judgment[1] on the claims Plaintiff asserts against them. As to the discrimination claims, the Wylie Defendants argue that Plaintiff failed to exhaust his remedies, that there is no evidence of discrimination, and that the evidence conclusively proves that Plaintiff was not discriminated against. As to the Wiretap Act claim, the Wylie Defendants maintain that they did not violate the act. The Court addresses each set of claims.

## I. Discrimination Claims

The Wylie Defendants argument can be addressed in two different categories of arguments (1) Plaintiff failed to exhaust his administrative remedies and (2) the evidence does not support claims of discrimination. The Court addresses each category in turn.

### 1. Exhaustion of Remedies

The Wylie Defendants do no challenge that Plaintiff filed a timely charge of discrimination. Instead, the Wylie Defendants maintain that Plaintiff did not allege enough facts in the charge of discrimination to properly exhaust his administrative remedies. Plaintiff counters that his charge alleged enough to trigger an investigation into his allegations of discrimination.

"To maintain a Title VII action a complainant must first file a charge of discrimination with the EEOC within [300] days of the alleged unlawful employment practice[.]"[2] *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982); *Burrell v. Crown Cent. Petroleum, Inc.*, 225

---

[1] Plaintiff objects to the Wylie Defendants' motion arguing that it is untimely because it was filed the day after stated on the Court's Scheduling Order and after the motion was marked deficient and the Wylie Defendants were given a day to refile, they instead took seven days to refile. Plaintiff also contends that issues, facts, and relief requested are not laid out according to Federal Rules of Civil Procedure and local rules. The Wylie Defendants maintain that the objections were filed late and that they complied with all rules. In the interest of justice, the Court considers the motion. FED. R. CIV. P. 1.

[2] The ADEA also requires a plaintiff to exhaust his remedies by filing a charge with the EEOC. *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 570 (5th Cir. 2012).

F. Supp. 2d 591, 604 (E.D. Tex. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (explaining that Title VII claimants in Texas have 300 days instead of 180 days to file their EEOC charge). Title VII does not provide specific requirements for the charge of discrimination; accordingly, the Commission provided regulations to govern the specifics of discrimination charges. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 457 (5th Cir. 1970). According to these regulations, and relevant to the dispute here, an EEOC charge should include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). During the investigation, the EEOC *may* require "[a] statement of each specific harm that the person has suffered and the date on which each harm occurred." 29 C.F.R. § 1601.15(b)(1). However, "a charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of." *Sanchez*, 431 F.2d at 458 (quoting 29 C.F.R. § 1601.11(b), which is now 1601.12(b)). Moreover, "courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act." *Id.* at 461–62.

Here the dispute centers on the sufficiency of the facts alleged in the charge of discrimination. The charge states:

> PERSONAL HARM: I am currently employed by [the City]; however, [the City] has denied that I am their employee and has instead stated that I am employed by the City attorney, Richard Abernathy. As such, I am being denied hours, wages, assignments, and all terms, conditions, privileges, and benefits of employment that are afforded to the City of Wylie employees. RESPONDENT'S REASON FOR ADVERSE ACTION: none given. DISCRIMINATION STATEMENT: I believe that I have been discriminated against because of my race (White), in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been retaliated against in violation of Section 704(a) of the Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been discriminated against because of my age, 57, in violation of the Age Discrimination in Employment Act of 1967.

(Dkt. #67, Exhibit 4 at p. 4). Additionally, the charge lists the date range of the discrimination and checks the race and age box identifying the basis for the alleged discrimination. (Dkt. #67, Exhibit 4 at p. 4). This statement identifies the "pertinent dates" and the "alleged unlawful employment practices" as required by 29 C.F.R. § 160.12(a)(3). This is sufficient to comport with the requirements established by the Commission's regulations. "Where a writing comports with the Commission's Regulations (29 C.F.R. 1601.11[, now numbered as 1601.12] it constitutes a charge of discrimination and triggers the Commission's Investigation, decision-making and conciliatory functions." *Sanchez*, 431 F.2d at 466.

The Wylie Defendants are correct that factual allegations are "absolutely essential." (Dkt. #65 at p. 14) (quoting *Sanchez*, 431 F.2d at 463). However, what the Wylie Defendants failed to acknowledge is that the Fifth Circuit in holding factual allegations are "absolutely essential" references a case where the aggrieved individual sent a letter stating he had applied for a job with the defendant in the case, had passed all tests that the employer defendant required, but had not been hired. He did not include any facts containing his race or that his belief was that he had not been hired because of his race. He later amended his charge to fix that deficiency. That court found the new allegations to simply be an amendment "to cure technical defects such as . . . failure to attach a legal conclusion (racial discrimination) to the factual occurrences complained of." *Sanchez*, 431 F.2d at 464 (*Wilson v. Monsanto Co.*, 315 F. Supp. 977 (E.D. La. 1970)). As the statement of discrimination was the legal conclusion, the allegations that he did not receive the job after passing the test were the factual allegations. Here, Plaintiff alleged "I am currently employed by [the City]; however, [the City] has denied that I am their employee and has instead stated that I am employed by the City Attorney, Richard Abernathy. As such, I am being denied hours, wages, assignments, and all terms, conditions,

7

privileges, and benefits of employment that are afforded to the City of Wylie employees." (Dkt. #67, Exhibit 4 at p. 4). These are the facts that are "absolutely essential."

Finally, "the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC." *Sanchez*, 431 F.2d at 465. Here, an investigation was triggered. In its Dismissal and Notice of Rights letter, the EEOC noted that it investigated, but could not conclude there was a violation; however, noting this did not mean the employer was in compliance with the statutes. (Dkt. #67, Exhibit 3 at p. 2).

Thus, the Court finds that Plaintiff's charge of discrimination is deemed filed, properly triggered an EEOC investigation, and exhausted Plaintiff's remedies as to his claims for race discrimination, age discrimination, and retaliation.

However, "'the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Vuyanich v. Rep. Nat'l Bank of Dall.*, 723 F.2d 1195, 1201 (5th Cir. 1984) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 928 (11th Cir. 1983)). In this case, Plaintiff did not include any facts or words at all that would indicate he is alleging a hostile work environment. *See Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 570–71 (5th Cir. 2012). As such, Plaintiff has not adequately exhausted his claims as to a hostile work environment.[3]

## II. Evidence of Discrimination

The Wylie Defendants moved for summary judgment arguing that the Court should dismiss Plaintiff's claims for race discrimination, age discrimination, and retaliation. After a careful review of the record and the arguments presented, the Court is not convinced that the

---

[3] Exhaustion of remedies is required but is not a jurisdictional requirement. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1852 (2019).

Wylie Defendants have met their burden demonstrating that there is no material issue of fact as to Plaintiff's discrimination claims entitling it to judgment as a matter of law. Accordingly, the Court finds that the motion, as to the discrimination claims, should be denied.

### III. Wiretap Act

The Wylie Defendants move for summary judgment as to Plaintiff's Wiretap Act claim, asserting that there is no evidence that HR Director Yanez violated the act. After a careful review of the record and the arguments presented, the Court is not convinced that the Wylie Defendants have met their burden demonstrating that there is no material issue of fact as to Plaintiff's Wiretap Act claim entitling it to judgment as a matter of law. Accordingly, the Court finds that the motion, as to the Wiretap Act claim, should be denied.

### CONCLUSION

It is therefore **ORDERED** Wylie Defendants' Brief in Support of its Motion for Summary Judgment (Dkt. #65) is hereby **GRANTED in part and DENIED in part**. The motion is granted as to Plaintiff's hostile work environment claims for failure to exhaust remedies. The motion is denied as to the remainder of Plaintiff's claims.

**SIGNED this 5th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE